IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAZZPHER EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 23-cv-3102 |
| ) | |
| THE BARN OF QUINCY, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on Defendant Linda Beers's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss, d/e 7. Plaintiff Jazzpher Evans did not respond to Ms. Beers's motion. Because this Court lacks subject-matter jurisdiction, the Complaint is DISMISSED WITHOUT PREJUDICE.

### I. BACKGROUND

The Court reads the Complaint in the light most favorable to Ms. Evans, accepting all well-pleaded allegations as true and

drawing all reasonable inferences in her favor.  <u>Alicea-Hernandez v. Cath. Bishop of Chi.</u>, 320 F.3d 698, 701 (7th Cir. 2003).

Ms. Evans is a queer, Black woman and a member of the Quincy University women's basketball team.  In the early morning of April 4, 2021, Ms. Evans was a patron of a Quincy bar then known as The Barn.  Around 1:00 a.m., Ms. Evans and Caroline Spagnola, a white friend of Ms. Evans's, "for a short period of time were both jumping up and down attempting to get the attention" of the bar's DJ.  Compl., d/e 1, ¶ 22.

Two of The Barn's employees—Defendant Steve Homan, who owned and operated the bar, and Defendant Robert Pfanner—then violently attacked Ms. Evans.  They threw Ms. Evans to the floor, strangled her until she lost consciousness, and dragged her out of the bar before dumping her, face-first, on the concrete outside.  Ms. Spagnola all the while pleaded with the two men to let Ms. Evans go, but to no avail.  When Ms. Spagnola told Mr. Homan that Ms. Evans was a woman, Mr. Homan called Ms. Evans "a male (or a boy) and said, he didn't care."  <u>Id.</u> ¶ 32.

Ms. Evans's attack sparked a "large public outcry for the revocation of the [bar's] liquor license."  <u>Id.</u> ¶ 37.  The City of

Quincy soon set a hearing on The Barn's possible ordinance and liquor-license violations. One day before the hearing, however, Mr. Homan voluntarily relinquished The Barn's liquor license. Another bar—Defendant Backroads Vending, d/b/a The Well Bar & Night Club—opened in The Barn's place the following June.

In April 2023, Ms. Evans brought this suit under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq. See generally id. Ms. Evans's twelve-count Complaint alleges that Defendants denied her the full and equal enjoyment of a public accommodation because of her race. She also brings claims under the Illinois Human Rights Act, 775 ILCS 5/5-101, and for assault and battery.

Defendant Linda Beers served as President of The Barn until its closure and later served as President of The Well. Ms. Beers now moves, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts III and VII of Ms. Evan's Complaint. See Def.'s Mot. to Dismiss, d/e 7.

Local Rule 7.1 requires any party opposing a motion to dismiss to respond within 14 days of service. See LR-Civ. 7.1(B)(2). Ms. Evans, however, did not respond to Ms. Beers's Motion to

Dismiss. So while the Court finds no opposition to Ms. Beers's motion, id., the Court still must examine the merits of Ms. Evans's Complaint. Marcure v. Lynn, 992 F.3d 625, 632 (7th Cir. 2021).

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

## III. ANALYSIS

Jurisdiction "is the power to declare law, and without it the federal courts cannot proceed." Hay v. Ind. State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002) (cleaned up). "Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must." Id. In this case, the Complaint bears a jurisdictional defect that requires dismissal.

Counts I, II, III, and IV allege violations of Title II of the Civil Rights Act of 1964, which guarantees the right of full and equal enjoyment in public accommodations. "A Title II plaintiff must

demonstrate that he or she has met the [statute's] procedural prerequisites . . . prior to filing suit in federal court." Stearnes v. Baur's Opera House, Inc., 3 F.3d 1142, 1145 (7th Cir. 1993) (citation omitted). One of those prerequisites is set forth at 42 U.S.C. § 2000a–3(c). Section 2000a–3(c) "requires that Title II plaintiffs give notice to state or local authorities when a state or local law prohibits such discrimination and the state or local authority is authorized to grant or seek relief from such discrimination." Id. at 1144. Unless that requirement is met, "the federal courts do not have jurisdiction to decide the dispute." Id.

Here, Section 2000a–3(c) required that Ms. Evans provide written notice to the Illinois Department of Human Rights (IDHR) before suing. See, e.g., Hill v. Shell Oil Co., 78 F. Supp. 2d 764, 769 (N.D. Ill. 1999) (noting that IDHR is the proper "state or local authority" for Title II plaintiffs in Illinois); see also Stearnes, 3 F.3d at 1144–45 (same). The Complaint lacks any mention of written notice, the IDHR, or Section 2000a–3(c). Without more, this action cannot proceed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Ms. Evans's Complaint, therefore, is

dismissed without prejudice. <u>Lennon v. City of Carmel, Ind.</u>, 865 F.3d 503, 509 (7th Cir. 2017) ("When a district court dismisses an action for lack of jurisdiction, the dismissal must be without prejudice.") (citation omitted).

## IV. CONCLUSION

For these reasons, Plaintiff Jazzpher Evans's Complaint (d/e 1) is DISMISSED WITHOUT PREJUDICE.  Ms. Evans may file an amended complaint on or before December 19, 2023.  Defendants shall answer or file any other responsive pleading to the amended complaint no later than January 9, 2024.  Defendant Linda Beers's Motion to Dismiss (d/e 7) is DENIED AS MOOT.

**IT IS SO ORDERED.**

**ENTERED: NOVEMBER 28, 2023**

**FOR THE COURT:**

                         *s/ Sue E. Myerscough*
                           **SUE E. MYERSCOUGH**
                   **UNITED STATES DISTRICT JUDGE**