# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JAZZPHER EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-3102 |
| | ) |
| THE BARN OF QUINCY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant Linda Beers's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (d/e 12).  Plaintiff Jazzpher Evans did not respond to Defendant Beers's motion.  Defendant Beers's Motion (d/e 12) is GRANTED in part.  Because this Court lacks subject-matter jurisdiction, Plaintiff's First Amended Complaint (d/e 11) is DISMISSED WITHOUT PREJUDICE.

### I.    BACKGROUND

On December 19, 2023, Plaintiff Linda Beers ("Plaintiff") filed a twelve-Count First Amended Complaint against Defendants Steve William Homan; Robert Pfanner; The Barn of Quincy, Inc., a

dissolved Illinois corporation ("The Barn"); Backroads Vending Inc., d/b/a The Well Dance & Night Club, a successor entity to The Barn of Quincy, Inc. ("The Well"); and Linda Beers (collectively, "Defendants").  See d/e 11.

Counts I, II, and III allege Defendants Homan, The Barn, and Beers, respectively, violated the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, et seq., by denying Plaintiff the full and equal enjoyment of a public accommodation because of her race and color.  Count IV alleges the same against Defendant The Well through successor liability.  Counts V, VI, and VII allege Defendants Homan, The Barn, and Beers, respectively, violated the Illinois Human Rights Act, 775 ILCS 5/5-101, by denying Plaintiff the full and equal enjoyment of a public accommodation because of her race, color, gender, sexual orientation and/or sexual identity as a member of the LGBTQ community.  Count VIII alleges the same against Defendant The Well through successor liability.  Counts IV and V bring claims of assault against Defendants Homan and Pfanner, respectively.  Counts VI and VII bring claims of battery against Defendants Homan and Pfanner, respectively.

Defendant Linda Beers served as President of The Barn until its closure and later served as President of The Well. Defendant Beers now moves, under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Counts III and VII of Plaintiff's First Amended Complaint. See d/e 12. Local Rule 7.1 requires any party opposing a motion to dismiss to respond within 14 days of service. See LR-Civ. 7.1(B)(2). Plaintiff, however, did not respond to Defendant Beers's Motion to Dismiss. So, while the Court finds no opposition to Defendant Beers's motion, id., the Court still must examine the merits of Plaintiff's First Amended Complaint. Marcure v. Lynn, 992 F.3d 625, 632 (7th Cir. 2021).

## II.  LEGAL STANDARD

Defendants have moved to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

When a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first." Rizzi v. Calumet City, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). If the Court

dismisses Plaintiff's Complaint for lack of subject matter jurisdiction, the accompanying Rule 12(b)(6) defenses become moot and need not be addressed. Id.

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). The plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Alicea-Hernandez, 320 F.3d at 701.

On the other hand, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" that puts the defendant on

notice of the allegations.  Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)(2)).  The court accepts all well-pleaded facts alleged and draws all possible inferences in the plaintiff's favor.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint must set forth plausible grounds to demonstrate a claim for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plausible claim is one from which the court is able to draw reasonable inferences that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  Additionally, the complaint must raise a reasonable expectation that discovery will reveal evidence of liability.  Id. at 663; Twombly, 550 U.S. at 545.  A complaint merely reciting a cause of action or conclusory legal statements without support is insufficient.  Iqbal, 556 U.S. at 663.

### III.  FACTS

The following facts are taken from Plaintiff's First Amended Complaint (d/e 11) and are accepted as true at the motion to dismiss stage.  Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 639 (7th Cir. 2015).

Plaintiff Evans is a Black woman, a member of the LGBTQ community, and a member of the Quincy University women's basketball team. d/e 11, ¶ 6. On April 4, 2021, Plaintiff was a patron of a Quincy bar then known as Defendant The Barn. Id. at ¶ 21. Around 1:00 a.m., Plaintiff and Caroline Spagnola, a white friend of Plaintiff's, "for a short period of time were both jumping up and down attempting to get the attention" of the The Barn's DJ. Id. at ¶ 22. After jumping, both Plaintiff and Ms. Spagnola remained under the DJ booth. Id. at ¶ 23.

Defendant Steve Homan, who owned and operated The Barn, charged past Ms. Spagnola and began attacking Plaintiff. Id. at ¶ 24. He pushed Plaintiff against the wall and started yelling at her, something to the effect of, "[G]et out!". Id. at ¶ 25. Plaintiff requested Defendant Homan not to touch her. Id. at ¶ 26. She extended her arm in front to try to prevent Defendant Homan from continuing his attack. Id.

Defendant Homan then grabbed Plaintiff and threw her to the ground. Id. at ¶ 27. As Plaintiff attempted to get up, Defendant Homan, assisted by Defendant Robert Pfanner, grabbed Plaintiff again and placed her in a full choke hold. Id. at ¶ 28. Defendant

Homan strangled Plaintiff until she lost consciousness. Id. at ¶ 29. After Plaintiff lost consciousness, Defendants Homan and Pfanner dragged her outside of the bar and dropped her on the ground. Id. at ¶ 30. During this attack, Ms. Spagnola was screaming at Defendant Homan, pleading with him to let Plaintiff go and to stop attacking Plaintiff. Id. at ¶ 31. When Ms. Spagnola told Defendant Homan that Plaintiff was a female, Defendant Homan called Plaintiff "a male (or a boy) and said "[Defendant Homan] didn't care." Id. ¶ 32.

In the weeks following Defendant Homan's attack, there was a "large public outcry for the revocation of the [The Barn's] liquor license." Id. at ¶ 36. On April 26, 2021, media outlets in Quincy reported about a April 29, 2021 hearing regarding possible liquor license violations by Defendant Homan as owner and operator of Defendant The Barn. Id. at ¶ 37. One day before the hearing, Defendant Homan relinquished The Barn's liquor license. Id. at ¶ 38. That following June, Defendant The Well, opened in The Barn's place. Id. at ¶ 42.

## IV.  ANALYSIS

Defendant Beers argues that Counts III and VII of Plaintiff's First Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  d/e 12, 13.  Jurisdiction "is the power to declare law, and without it the federal courts cannot proceed."  Hay v. Ind. State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002) (cleaned up).  "Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."  Id.  Here, the First Amended Complaint contains a jurisdictional defect requiring dismissal.

Counts I, II, III, and IV allege violations of Title II of the Civil Rights Act of 1964, which guarantees the right of full and equal enjoyment in public accommodations.  Furthermore, Counts V, VI, VII, and VIII allege violations of the Illinois Human Rights Act for the denial of equal enjoyment of the public accommodation.  "A Title II plaintiff must demonstrate that he or she has met the [statute's] procedural prerequisites . . . prior to filing suit in federal court."  Stearnes v. Baur's Opera House, Inc., 3 F.3d 1142, 1145 (7th Cir. 1993) (citation omitted).  One of those prerequisites is set forth at 42 U.S.C. § 2000a–3(c).  Section 2000a–3(c) "requires that Title II

plaintiffs give notice to state or local authorities when a state or local law prohibits such discrimination and the state or local authority is authorized to grant or seek relief from such discrimination." Id. at 1144.  Unless that notice requirement is met, "the federal courts do not have jurisdiction to decide the dispute."  Id.

Here, Section 2000a–3(c) required that Plaintiff Evans provide written notice to the Illinois Department of Human Rights (IDHR) prior to filing suit.  See, e.g., Hill v. Shell Oil Co., 78 F. Supp. 2d 764, 769 (N.D. Ill. 1999) (noting that IDHR is the proper "state or local authority" for Title II plaintiffs in Illinois); see also Stearnes, 3 F.3d at 1144–45 (same).  Relatedly, a party alleging violations of the Act must notify the Department of Human Rights "[w]ithin 180 days after the date that a civil rights violation allegedly has been committed."  775 ILCS 5/7A–102(A)(1).  A plaintiff may file suit after "(1) she receives a final report from the IDHR, or (2) the IDHR fails to issue a report within a year after the charge is filed." Baranowska v. Intertek Testing Servs. NA, Inc., No. 19 C 6844, 2020 WL 1701860, at *3 (N.D. Ill. Apr. 8, 2020) (citing 775 Ill. Comp. Stat. 5/7A-102(D), (G)).  Plaintiff's First Amended Complaint

lacks any mention of written notice, the IDHR, or Section 2000a–3(c).  As a result, the Court does not have subject matter jurisdiction over Counts I, II, III, IV, V, VI, VII, and VIII.

Moreover, Plaintiff seeks an award of damages in connection with her Title II claims (Counts I, II, III, and IV). Although Defendant Beers did not raise the issue, "it is well established that individual plaintiffs cannot recover damages for claims brought under Title II; rather, only injunctive relief is available as a remedy." Chaney v. Extra Space Storage Inc., No. 19-cv-05858, 2022 WL 4234969, at *5 (N.D. Ill. Sept. 14, 2022) (internal quotation marks omitted); see also 42 U.S.C. § 2000a-3.  Plaintiff would have to demonstrate standing to seek injunctive relief for her Title II claims, including a "significant likelihood and immediacy of sustaining some direct injury." Sierakowski v. Ryan, 223 F.3d 440, 443 (7th Cir. 2000). Here, Plaintiff must allege facts that suggest she is likely to be turned away in the future, such as her intent to return to The Well (the successor entity to The Barn) in the future, in order to have standing to seek injunctive relief.  Thus, even if Plaintiff had complied with the procedural requirements under Title II, she also

fails to demonstrate that she has standing to bring the Title II claims.

Furthermore, a district court may decline to exercise supplemental jurisdiction over pendent state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Wright v. Associated Ins. Cos., Inc., 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."). "[A] district court should consider and weigh the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." Wright, 29 F.3d at 1251. Discovery is far from complete and few federal judicial resources have been expended. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims (Counts IV, V, VI, and VII). Without more, this action cannot proceed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As a result, the Court *sua sponte* dismisses Plaintiff's First Amended

Complaint in its entirety without prejudice. Lennon v. City of Carmel, Ind., 865 F.3d 503, 509 (7th Cir. 2017) ("When a district court dismisses an action for lack of jurisdiction, the dismissal must be without prejudice.") (citation omitted); Hay, 32 F.3d at 879 ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must.").

Because the Court dismisses Plaintiff Evans's First Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court does not reach Defendant Beers's Rule 12(b)(6) defenses. See Rizzi, 11 F. Supp. 2d at 995.

## V.   CONCLUSION

For the reasons stated above, Defendant Beers' Motion to Dismiss (d/e 12) is GRANTED in part. Plaintiff's First Amended Complaint is DISMISSED WITHOUT PREJUDICE in its entirety for lack of subject matter jurisdiction. Plaintiff is granted leave to file a Second Amended Complaint. Any Amended Complaint shall be filed within 30 days of the entry of this Order.

Because the Court granted Defendant Beers' Motion to Dismiss (d/e 12), Defendant Beers' Motion for Hearing (d/e 14) is DENIED as MOOT.

**ENTERED:** July 16, 2024.

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**